Case 1:21-mj-00179-B  Document 1  Filed 11/24/21  Page 1 of 17  PageID #: 1
ALSD Local 106 (Rev. 07/13)  Application for a Search Warrant
PageID #: 1

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

In the Matter of the Search of    )
*(Briefly describe the property to be searched*    )
*or identify the person by name and address)*    )  MJ
    )  Case No. 21-0179-B
information associated with particular cellular towers    )
    )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
see attached Affidavit Attachment A

located in the _____ Southern _____ District of _____ Alabama _____, there is now concealed *(identify the person or describe the property to be seized)*:
see attached Affidavit Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2113(b) | Bank burglary |

The application is based on these facts:
see attached Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Joshua Cain_
*Applicant's signature*

Joshua Charles Cain, FBI Special Agent
*Printed name and title*

Sworn to before me and attestation acknowledged pursuant to FRCP 4.1(b)(2).

Date: _November 19, 2021_

_Sonja F. Bivins_
*Judge's signature*

City and state: Mobile, Alabama

Sonja F. Bivins, United States Magistrate Judge
*Printed name and title*

Case 1:21-mj-00179-B  SEALED  Document 1  Filed 11/24/21  Page 1 of 17  PageID
Case 1:21-mj-00179-B *SEALED* Document 1 Filed 11/24/21 Page 2 of 17 PageID
PageID #: 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN THE MATTER OF THE SEARCH OF
INORMATION ASSOCIATED WITH
PARTICULAR CELLULAR TOWERS

Case No. _____

**Filed Under Seal**

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Joshua Charles Cain, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application for a warrant for records and
information associated with certain cellular towers ("cell towers") that is in the possession,
custody, and/or control of Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), a
cellular service provider headquartered in New York, New York; AT&T Corporation ("AT&T"),
a cellular service provider headquartered in Dallas, Texas; Sprint Corp. ("Sprint"), a cellular
service provider headquartered in Overland Park, Kansas; and T-Mobile US, Inc. ("T-Mobile"),
a cellular service provider headquartered in Bellevue, Washington. The information to be
searched is described in the following paragraphs and in Attachment A. This affidavit is made in
support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require
Verizon Wireless, AT&T, Sprint, and T-Mobile to disclose to the government the information
further described in Section I of Attachment B. Upon receipt of the information described in
Section I of Attachment B, government-authorized persons will review the information to locate
items described in Section II of Attachment B.

2.    I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have
been since January 2020. As an FBI special agent, I am authorized to investigate violations of
Title 18 of the federal criminal code. I am currently assigned to the FBI Mobile Division's

SEALED

Violent Crimes Squad, where I investigate violent crimes such as carjacking, bank robbery, and conspiracy to commit federal offenses. Prior to my employment with the FBI, I was an enlisted member of the United States Coast Guard Reserves for eight years, three of which were in active duty.

3.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement agencies and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. All dates, times, and amounts referenced in my affidavit are approximations.

4.    Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 2113(b) (bank burglary) have been committed by unknown persons. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## BACKGROUND ON INVESTIGATION



2

SEALED



3

SEALED

**PROBABLE CAUSE**



4

SEALED



5

SEALED



6

SEALED

18.    In my training and experience, I have learned that Verizon Wireless, AT&T, Sprint, and T-Mobile are companies that provide cellular communications service to the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to devices that are within range of the tower's signals. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data. When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it.

19.    Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

SEALED

20.     Based on my training and experience, I know that cellular providers, such as Verizon Wireless, AT&T, Sprint, and T-Mobile, routinely and in their regular course of business maintain historical records that allow them to determine which wireless devices used cellular towers on the cellular provider's network to send or receive communications. For each communication sent or received via the wireless provider's network, these records may include: (1) the telephone call number and unique identifiers of the wireless device that connected to the provider's cellular tower and sent or received the communication ("the locally served wireless device"); (2) the cellular tower(s) on the provider's network, as well as the "sector" (*i.e.*, face of the tower), to which the locally served wireless device connected when sending or receiving the communication; and (3) the date, time, and duration of the communication. These records may also include the source and destination telephone numbers associated with the communication (including the number of the telephone that was called or that called the locally served wireless device) and the type of communication (*e.g.*, phone call or SMS text message) that was transmitted.

21.     Based on my training and experience, I know that cellular providers, such as Verizon Wireless, AT&T, Sprint, and T-Mobile, have the ability to query their historical records to determine which cellular device(s) connected to a particular cellular tower during a given period of time and to produce the information described above. I also know that cellular providers have the ability to determine which cellular tower(s) provided coverage to a given location at a particular time.

22.     Based on my training and experience and the above facts, information obtained from cellular service providers such as Verizon Wireless, AT&T, Sprint, and T-Mobile, that

8

SEALED

reveals which devices used a particular cell tower (and, where applicable, sector) to engage in particular communications can be used to show that such devices were in the general vicinity of the cell tower at the time the communication occurred. Thus, the records described in Attachment A will identify the cellular devices that



## AUTHORIZATION REQUEST

24.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c).

25.     I further request that the Court direct Verizon Wireless, AT&T, Sprint, and T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Verizon Wireless, AT&T, Sprint, and T-Mobile, who will then compile the requested records at a time

9

SEALED

convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

      26.    I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

                                  Respectfully submitted,

                                    Joshua Cain
                                    Special Agent
                                    Federal Bureau of Investigation

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS 19TH
DAY OF NOVEMBER 2021.

SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

SEALED

## ATTACHMENT A



1

SEALED



2

SEALED

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be Disclosed by the Provider**

For each cell tower in described in Attachment A, the cellular service providers identified in Attachment A are required to disclose to the United States records and other information (not including the contents of communications) about all communications made using the cell towers identified in Attachment A during the corresponding timeframes listed in Attachment A, including records that identify:

    a.   the telephone call number and unique identifiers for each wireless device in the vicinity of the cell tower ("the locally served wireless device") that registered with the cell tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

    b.   for each communication, the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device;

    c.   the date, time, and duration of each communication;

    d.   the source and destination telephone numbers associated with each communication (including the number of the locally served wireless device and the number of the telephone that transmitted a communication to, or to which a communication was transmitted by, the locally served wireless device); and

1

SEALED

e.  the type of the communication transmitted through the tower (such as phone call or text message).

These records should include records about communications that were initiated before or terminated after the timeframes identified in Attachment A if some part of the communication occurred during the relevant timeframes listed in Attachment A.

**II.    Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 2113(b) during the referenced periods described in Attachment A.

To protect tower dump information related to innocent third parties, the government will seize only information relevant to phones that have been obtained in the time periods specified in Attachment A. Given the timing of the burglaries, there was considerably less traffic than there would otherwise be during normal business hours.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

2

SEALED

## CERTIFICATE OF AUTHENTICITY OF
## DOMESTIC RECORDS PURSUANT TO FEDERAL RULES
## OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by **[PROVIDER]**, and my title is

_____. I am qualified to authenticate the records attached hereto

because I am familiar with how the records were created, managed, stored, and retrieved. I state

that the records attached hereto are true duplicates of the original records in the custody of

**[PROVIDER]**. The attached records consist of _____ **[GENERALLY DESCRIBE**

**RECORDS (pages/CDs/megabytes)]**. I further state that:

      a.     all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of **[PROVIDER]**, and they were made by **[PROVIDER]** as a regular practice;

and

      b.     such records were generated by **[PROVIDER'S]** electronic process or system

that produces an accurate result, to wit:

           1.     the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of **[PROVIDER]** in a manner to ensure that they are true duplicates of the

original records; and

2.    the process or system is regularly verified by **[PROVIDER]**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____

Date                           Signature